CARROLL, TO USE OF LIGGET, Respondent, *vs.* HARDY, Appellant.

1. Pending an appeal in the supreme court, the court below has no power to order that the parties pay in equal parts the hire of a clerk employed by a commissioner to whom the cause was referred to take an account, and that, in default of such payment, execution issue in favor of the commissioner.

*Appeal from St. Louis Circuit Court.*

This appeal was prosecuted by Hardy to reverse an order or decree of the Circuit Court, made in the cause of Boyle *v.* Hardy, whereby Hardy was adjudged to pay to C. C. Carroll, the commissioner to whom the cause was referred to take an account, to the use of one Ligget, six hundred dollars for services as clerk of said commissioner.

The order was made on the 30th of November, 1852, while the case of Boyle *v.* Hardy was pending on appeal in this court for the first time. The Circuit Court, having heard the evidence, found that the commissioner had employed Ligget, a book-keeper, to assist in posting up and adjusting the books of the copartnership ; that Ligget rendered the services and ought to be allowed the sum of $1200, to be paid by Boyle & Hardy in equal parts ; that Boyle had paid $400, and Hardy had refused to pay any part. Wherefore it was decreed that Hardy pay to Carroll, for the use of Ligget, $600 in thirty days, and that Boyle, in like manner, pay $200 in the same time, and that in default of such payment, execution issue in favor of Carroll against the party in default.

*H. S. Geyer*, for appellant. 1. The employment of Mr. Ligget by the commissioner was not authorized by law or even by order or leave of court. Mr. Ligget was employed by the commissioner as his assistant and upon his responsibility. 2. The court was authorized only to settle the compensation of the commissioner ; but had no authority to adjust accounts between him and his servants, and order the payment by the parties to

the suit. 3. If payment for the services of Ligget was allowable in any form, the amount should have been taxed as costs; but in no case is the commissioner entitled to a decree against either party in the suit. 4. The final decree being in favor of the appellant, as between him and Boyle, the whole costs should have been paid by Boyle. He could not have a decree against Hardy for any part of the costs, nor can any officer or commissioner or assistant be entitled to a decree in his own name against the successful party in the suit for his fees or compensation. (R. C. 1845, tit. Practice in Chancery, art. 4, Costs, § 18.)

*N. Holmes*, for respondent. 1. No appeal lies in the matter of taxation of costs in chancery cases, in a case like the present. (2 Hoff. Ch. Pr. 87. *Alsop* v. *Lord Oxford*, 1 Mylne & R. 564. R. C. 1845, tit. Costs, art. 1, § 26, § 18. 6 Vin. Abr. 332. 3 Paige, 89. 4 Mylne & Craig, 360. 4 ib. 203. 8 Cl. & Fin. 293. 1 Bro. C. 140 and note. 4 Paige, 473. 8 Mo. Rep. 53.) 2. The order for an execution to issue, conditionally, was a proper order in such a case. (2 Hoff. Ch. Pr. 90. 2 Paige, 578.) 3. The evidence preserved in the bill of exceptions shows that the allowance of costs was reasonable and just.

SCOTT, Judge, delivered the opinion of the court.

It appears that the proceedings in which this appeal had its origin, were in a cause which, at the time they transpired, was pending in this court on an appeal, with a recognizance. Such an appeal, it would seem, ought to arrest all the proceedings in the cause in the court from which it was appealed.

But this judgment is so irregular in its character, that it is hard to find a denomination under which to class it. We are at a loss to determine whether it was regarded as an original suit, or whether it is a branch of another action. However it may be classed, or under whatever denomination it may be placed, one thing is evident, that, if it is sanctioned, then the law is proclaimed that the fortune of a suitor, who is involun-

tarily forced into the courts of justice, is at the discretion of the judge ; and that, too, not for the purpose of responding to the result, not to satisfy the judgment, but for the payment of costs, which he and those whom he appoints may, at their discretion, incur. Here is a defendant in court, and, on motion by a stranger to the suit, a judgment for six hundred dollars is rendered against him for costs, which sum does not include half the costs charged, and none of those enumerated by law. The commissioner appointed by the court to state an account, has no authority to go out and employ what clerks, for what time and at what salary he pleases, to be paid by the litigants. It is useless to attempt to convince judges who serve for moderate salaries, and who, in the last resort, determine all controversies arising in the state, that twelve hundred dollars is a necessary expense for clerk hire, in taking the account in one single litigation, of an ordinary nature, characterized neither by the amount involved, nor other unusual circumstance. Every judge's experience and observation should satisfy him at once, that such a charge should receive no countenance from a court of justice. He ought to listen to no witness on such a question. Shall a commissioner of a court, without authority, be permitted to raise an assumpsit against a litigant for any amount that may be thought to be just by any witness he may call for that purpose ? This course may seem harsh, and may operate in a way which we may wish could be avoided, but it is necessary to crush this thing in its inception, that all persons whatever may know that the fortunes of litigants are not at the mercy of the officers of the courts of justice. The purity of the administration of justice imperiously requires this at our hands. Nothing would so effectually undermine the courts and destroy all confidence in their integrity, as the upholding such proceedings. The court should have devised some means of taking an account acceptable to the parties, for avoiding so great an expense, which is so well calculated to heap odium upon the administration of justice. Nothing less than the consent of both parties should induce a court to incur such an

expense. One party, because he may be sanguine of success, should not be permitted to conduct a suit or defence in such a way as to ruin his adversary by the payment of costs.

As both parties, in their statements, referred to the case of Boyle *v.* Hardy, now before us, of which this cause is a part, we have regarded the records as one, without putting the parties to the expense and delay of an amendment.

The costs of taking an account should regularly abide the event of the suit, then to be taxed as required by law. If they are paid by the party at whose instance they are incurred, the ultimate liability for them must be determined at the end of the suit. We see no warrant for dividing them between the parties before a final decree, and making each party pay one half. By entering as reasons facts alleged to have transpired at a former term, but which do not appear of record, no authority is conferred for such a course. When costs of suit are at the discretion of the court, the controversy must be terminated before that discretion can be wisely exercised.

The 31st section of the 1st article of the act concerning costs, forbids the issuing an execution for costs until there is a final judgment in the cause.

The other judges concurring, the judgment will be reversed.